Livingston, J.
Though I concur in the opinion delivered, yet as some further reasons influence my own, I shall beg leave to state them. The principal question, and on which I shall decide this cause is, whether the term grant, in a modern deed or conveyance, implies a covenant of warranty or seisin, so as to entitle the grantee to his action of covenant for damages against the grantor, in case the latter, at the time of its delivery, were not seised of the premises, or had no estate or title therein?
The attempt to recover damages for a breach of covenant on a deed containing nothing more than the granting words common to almost every instrument of this kind, and in which no express covenant was to be found, struck me aa novel, and in its consequences highly important. In prac» tice, every purchaser of land, who intends to have recourse in case of eviction against the former proprietor, takes care to have inserted in the instrument of conveyance the necessary covenants for that purpose, thereby ascertaining the precise extent of his liability. When purchases are made upon an understanding *that the same are tobe at the risk of the grantees, who are to have no remedy in case of defect of title, (which cases are very common,) these express covenants ara omitted, and deeds of the present form are used; with a full knowledge of this practice, it could not escape me, that to imply a covenant of this kind from any of the granting words of such a conveyance, would he to subject many persons to damages contrary to good faith and the understanding of all the parties to the contract. To such an interpretation, therefore, which was in my opinion to be avoided if possible, I early determined not to give my assent, unless constrained by decisions from which it would have been a dereliction of duty to depart. I could not perceive any magic in the word grant, nor why it should import a covenant any more than the other words with which it was connected. They are all inserted for the single purpose of transferring the premises to the grantee, and neither collectively nor separately convey, to professional or other minds, an idea of a particular covenant or obligation on the grantor’s part. When, in addition to the practice which has been mentioned, it is recollected that the price of land depends as much on the nature of the grantor’s title as on its intrinsic value, it is unreasonable that he should, for an eviction, make compensation in damages to a purchaser, who was apprized of the uncertainty of his estate, and for that very reason gave a smaller consideration for it, upon the express condition, perhaps, of taking a deed without any covenant whatever. If, however, the law be otherwise, the defendants must submit, however contrary to their expectations, or to the understanding of the plaintiff *196 himself. But after a careful attention to the authorities cited, I can discern nothing in them from which the present demand can derive any support. On the contrary we shall discover that this “ famous monosyllable,” as Butler terms it, may be used without any imminent danger to a grantor, and may be frequently omitted without prejudice to a purchaser.
From Littleton it appears that the word warrantizare alone would create a warranty in deeds, and that neither defendere nor acquietare, although both of them more significant terms than concederé, would have that effect. His expression “ mil autre verbe en nostre ley” is very strong. Sir Edward Coke, in his commentary on this section, distinguishes between warranties annexed to an inheritance, and to a chattel real — of the former some are warranties in deed, and some in *law — á warranty in deed, or an express warranty, is created only by the word warrant, but warranties in law are created by many other words: dedi is a warranty in law to the feoffee and his heirs during the life of the feoffor; but concessi, or I have granted, in a feoffment or fine implies no warranty. The word exchange doth also imply a warranty ; this is also the case on a partition. Butler, in his note on this passage, remarks, that from what is here said, “ it most clearly appears that the word grant, when used in the conveyance of an estate of inheritance, does not imply a warranty.” This also is the opinion of Sir G-eoffry Palmer. ■“ The word grant,” says he, “ in a lease for years, is a covenant in law, or a general warranty. But in an estate of inheritance, where the fee passeth, the word grant is neither a covenant in law nor a warranty.” So also in 3 Keb. 188, the court inclined to “ think that the words concessi and feoffavi” did not make a warranty in a case of inheritance; and Sir William Blackstone, in his Commentaries, after speaking of a feoffment, informs us, that “ in other forras of alienation, gradually introduced since the statute of quia emptores, no warranty whatsoever is implied — they bearing no sort *197 of analogy to the original feodal donation. And that, therefore, in such cases, it became necessary to add an express clause of warranty to bind the grantor and his heirs, which is a kind of covenant real, and can only be created by the word warrantizo or warrant.” The same author observes, that “ after warranty usually follow covenants, whereby either party may stipulate for the truth of certain facts, or may bind himself to perform something to the other. Thus the grantor may covenant that he had a right to convey, or for the grantee’s quiet enjoyment, or the like.”
The language of all these authorities, and of several others, which are not here noticed, is uniform, and too intelligible to be misapprehended. Without, therefore, in traducing a new rule of law, or considering as constructive, or implied warranties, or covenants, wrards which in deeds in fee have never yet been received in that sense, it is impossible the plaintiff can recover. Nor is there anything hard or inequitable in denying- to the word grant, and to all the others here used, a sense which, ex vi termini, no one of them imports, and which it is a hundred to one was not contemplated by either party. In conveyances of real estate, there must always be danger in implying anything that is not. stipulated *in clear and precise terms. This is the safest way of determining the extent of the grantor’s responsibility. Whether he is to defend the property against particular encumbrances, or against those who claim under him, or against all the world, ought not to depend on the equivocal or ambiguous meaning of terms used in the granting clause, but on plain and express covenants, which are now therefore uniformly inserted, where it is intended to render the grantor or his heirs liable in case of eviction or defect of title. The de^ fendant must, in my opinion, have judgmenta[1]
Judgment arrested.

 What makes a covenant, see Bull v. Follett, 5 Cow. 170; Hallett v. Wylie, 3 J. R. 44. As to express and implied covenants, see Barney v *198 Keith, 4 Wend. 502; Kinney v. Watts, 14 Wend. 381; Grannis v. Clark, 8 Cow. 30; Barnum v. Childs, 1 Sandf. 53; Cole v. Hawes, 2 J. C. 203; Vanderkan v. Vanderkan, 11 J. R. 122; Kent v. Welch, 7 J. R. 258.